COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Frank and McClanahan


TRINITY MATEO WALKER

                                                          OPINION BY
v.      Record No. 1090-03-1                     JUDGE ROBERT P. FRANK
                                                          APRIL 13, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            E. Everett Bagnell, Judge

            (Ann T. Johns, Assistant Public Defender, on brief), for appellant.
            Appellant submitting on brief.

            (Jerry W. Kilgore, Attorney General; Leah A. Darron, Assistant
            Attorney General, on brief), for appellee.  Appellee submitting on
            brief.


        Trinity Mateo Walker (appellant) was convicted in a bench trial of possession of heroin

with the intent to distribute, second or subsequent offense, in violation of Code § 18.2-248, and

possession with the intent to distribute heroin within 1,000 feet of school property, in violation of

Code § 18.2-255.2.  On appeal, appellant contends the trial court erred:  (1) in overruling his

motion to suppress the drugs found on his person because the police violated his Fourth

Amendment rights by illegally detaining him and illegally conducting a pat down; and (2) in

finding the evidence sufficient to convict him of the two offenses.  Finding appellant's Fourth

Amendment rights were not violated and concluding the evidence was sufficient, we affirm the

convictions.

                                    BACKGROUND

        At approximately 11:00 p.m. on August 28, 2002, Portsmouth Police Officer M.D.

Floriano was driving an unmarked police vehicle on routine patrol with two other officers in an

area known for illegal drug activity. He was dressed in plain clothes, but displaying his badge. Officer Floriano observed "quite a few people out," including appellant who was talking with three people. Floriano made eye contact with appellant, pulled his vehicle over approximately ten to fifteen feet from appellant's group, and exited his police vehicle. The officer did not activate his emergency equipment.

As Floriano exited his vehicle, he noticed appellant had "an item in his left hand. I wasn't sure what it was." Appellant attempted to put that item in the rear pocket of the woman standing to his left. When he was apparently unsuccessful, appellant "quickly removed his [closed] hand from the rear [pocket] of the female and stuck it forcefully into his left front pants pocket." As the officer approached the four people, he noticed appellant was "very nervous and uneasy." Floriano also noticed appellant's heart "was beating very erratically . . . . His chest was rising and dropping quickly. [The officer] could also see the pulse in his neck."

Floriano advised appellant that he "needed to see [appellant's] hand." The officer "wasn't sure if [appellant] was trying to conceal a weapon or what he was doing." Appellant did not comply. Floriano repeated his command several times before appellant withdrew his hand from his pocket. The hand was empty.

For his own safety and the safety of other officers and people present, Floriano advised appellant he would conduct a pat-down search.[1] The officer first patted down the suspicious pocket and felt what he "immediately identified," based on his experience and training, as a

---

[1] Appellant argues on appeal that the officer, in his written investigative narrative, did not mention "safety" as the reason for the pat-down search. Thus, appellant contends, officer safety was not the basis for the search. However, at trial, the officer clearly stated "safety" prompted the pat down. The fact finder could reasonably accept this testimony. See Snow v. Commonwealth, 33 Va. App. 766, 774, 537 S.E.2d 6, 10 (2000). Additionally, on appeal, we consider as true the evidence and reasonable inferences favorable to the Commonwealth and disregard the conflicting evidence that supports an appellant's position. Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986).

"small package of narcotics."  He could not determine the type of drugs based on the pat-down search.  However, the item was "a small golf ball in his pocket.  It was a tightly wrapped baggie . . . with narcotics in it."  The officer then removed the item, which proved to be a baggie containing forty-nine capsules of heroin.

When Officer Floriano searched appellant incident to the arrest, he found no items typically used for the ingestion of heroin, i.e., straws, syringes, spoons or cooking devices.  Appellant also did not have any money, a beeper, or cell phones on him.  At trial, Floriano testified the pat down, seizure, and arrest occurred within 444 feet of Clarke School.

Officer R.M. Holley, an expert witness in the packaging and distribution of narcotics, testified the capsules of heroin found in appellant's pocket had a street value of $10 per capsule.  The officer testified that the amount of heroin, lack of ingestive devices, and appellant's unemployment made his possession inconsistent with personal use.  Holley indicated that a heroin user with a "heavy, heavy habit" might use ten capsules in a day, but a typical user would use two to five capsules.  He explained that for either type of user, "there is no way that they're going to buy that many [capsules] at one time.  They're just not going to keep it.  They would be afraid that somebody would take it from them . . . ."  Holley added he had never encountered a heavy user with so much heroin at one time.

Prior to trial, appellant made a motion to suppress the evidence, which the trial court denied.  The court then heard the evidence on the charges.  Appellant made a motion to strike the evidence at the conclusion of the Commonwealth's case, which the trial court denied.  Appellant presented no evidence and was convicted on all counts.

ANALYSIS

A. Motion to Suppress

Appellant argues his detention violated the Terry v. Ohio, 392 U.S. 1 (1968), standard for a brief investigatory stop because the officer did not have a "reasonable suspicion, based on objective facts" that appellant was involved in criminal activity. Secondly, he argues, even if the officer did not violate his Fourth Amendment rights when he stopped appellant, the pat-down search violated the Terry standard for such searches. We find neither the stop nor the pat-down search violated the principles in Terry.[2]

The standard of review is well established for the denial of a motion to suppress, based on an alleged violation of an individual's Fourth Amendment rights. As this Court explained in McGee v. Commonwealth, 25 Va. App. 193, 487 S.E.2d 259 (1997) (*en banc*):

> In reviewing a trial court's denial of a motion to suppress, "the burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017, 101 S. Ct. 579, 66 L. Ed. 2d 477 (1980). "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed *de novo* on appeal. Ornelas v. United States, [517 U.S. 690, 691], 116 S. Ct. 1657, 1659, 134 L. Ed. 2d 911 (1996). In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers. Id. at [699], 116 S. Ct. at 1663.

Id. at 197-98, 487 S.E.2d at 261 (footnote omitted).

---

[2] Appellant did not object at trial, and does not argue on appeal, that the seizure of the items violated the "plain feel" standard enunciated in Minnesota v. Dickerson, 508 U.S. 366 (1993), and Murphy v. Commonwealth, 264 Va. 568, 570 S.E.2d 836 (2002). He argues only that the officer lacked reasonable suspicion for the stop and the pat-down search. Therefore, we do not discuss in this opinion whether the officer had probable cause to seize the items.

No seizure occurred when Officer Floriano initially approached appellant on a public street. See Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 869-70 (1992) (discussing the three types of encounters with the police: consensual, investigatory stop, and arrest). However, as in Payne, id. at 89, 414 S.E.2d at 870, the officer, after approaching appellant, made a request with which appellant initially refused to comply.[3] In Payne, the officer then grabbed Payne's arm, Payne opened his hand, and the officer observed that he was holding cocaine. Id. at 88, 414 S.E.2d at 869. This Court found, "The consensual aspect of this encounter disappeared, however, when defendant refused [the officer's] request to open his fist, and she 'grabbed' his arm. Under such restraint . . . defendant was then 'seized' by the officer." Id. at 89, 414 S.E.2d at 870.

Here, Officer Floriano insisted that appellant take his hand out of his pocket. Eventually, appellant complied. Officer Floriano then explained that he intended to pat down appellant. At this point, a reasonable person would not believe he could ignore the officer's requests and walk away. See Florida v. Bostick, 501 U.S. 429, 437 (1991) ("[T]he crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.' [Michigan v.] Chesternut, [486 U.S. 567,] 569 [(1988)]."). In these circumstances, "a 'reasonable person' would not 'feel free to leave.'" Payne, 14 Va. App. at 89, 414 S.E.2d at 870. Therefore, Officer Floriano seized appellant.[4] However, the officer had a reasonable suspicion to stop appellant at this point.

---

[3] Appellant was not seized when Officer Floriano said he needed to see appellant's hand. Under the principles established in California v. Hodari D., 499 U.S. 621, 626 (1991), because he did not yield to this "show of authority" by Officer Floriano, appellant was not seized.

[4] Appellant's argument does not clarify at what point in their dealings he believed he was no longer free to leave the area. The Commonwealth concedes on brief that appellant was seized when "Officer Floriano subsequently advised [appellant] that he intended to pat him down."

To conduct an investigatory stop, a police officer must have reasonable, articulable suspicion that a specific individual is engaged in criminal activity. Kidd v. Commonwealth, 38 Va. App. 433, 443, 565 S.E.2d 337, 342 (2002). "To determine whether a police officer had a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity, a court must consider the totality of the circumstances." Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 465 (2003). Appellant argues Officer Floriano did not have objective facts that allowed him to reasonably suspect appellant was engaged in criminal activity. We disagree.

"Circumstances we have recognized as relevant . . . include characteristics of the area surrounding the stop, the time of the stop, the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime." Christian v. Commonwealth, 33 Va. App. 704, 714, 536 S.E.2d 477, 482 (2000) (en banc) (footnote omitted). In United States v. Mayo, ___ F.3d ___, 2004 U.S. App. LEXIS 5407 (4th Cir. March 23, 2004), the Fourth Circuit overturned the district court's grant of a motion to suppress evidence that the police found while conducting a Terry stop and pat down. The court found the police had reasonable suspicion to stop Mayo, based on the totality of the circumstances. Those circumstances included 1) the encounter occurred in a high-crime area, 2) Mayo's hand movements suggested he was engaged in an illegal activity, 3) Mayo attempted to avoid police scrutiny, and 4) Mayo behaved nervously when approached by the police. Id. at *16-*17.

Here, appellant was standing, at night, in an area known for drug activity. When the officer made eye contact with him, appellant began to behave strangely – he attempted to shove his closed hand into the back pocket of the person beside him. He then quickly took his fist out of the person's pocket and shoved the fist into his own pants pocket. Appellant's manner was

"very nervous." He was breathing heavily, although he had not just engaged in any strenuous activity. Given the place, time, appellant's secretive behavior, and his demeanor, the officer had objective facts sufficient to give him reasonable suspicion to stop appellant and investigate his actions.

To conduct a pat-down search during a <u>Terry</u> stop, an officer must have reasonable, articulable suspicion that the individual might be armed and dangerous, in addition to the reasonable suspicion of criminal behavior. <u>James v. Commonwealth</u>, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996). The circumstances that a court can consider when determining whether an officer had reasonable suspicion include the nature of the area in which the stop occurred, the time of day, the conduct and demeanor of the suspect, and the type of offense that the officer was investigating. <u>Williams v. Commonwealth</u>, 4 Va. App. 53, 66-67, 354 S.E.2d 79, 86-87 (1987). Based on these factors, we find Officer Floriano had a reasonable, articulable suspicion that appellant was armed and dangerous.

First, appellant was in an area known for drug activity at 11:00 at night. <u>Cf.</u> <u>id.</u> at 67, 354 S.E.2d at 87 ("[S]uspicion of narcotics possession and distribution . . . , standing alone, gives rise to an inference of dangerousness . . . ."). Second, appellant's behavior was suspicious. He had something in his left hand, and, as the officer approached him, appellant attempted to hide that item in someone else's pocket. He then refused to remove his hand from his own pocket when asked to do so by the officer. Appellant also appeared extremely nervous and was breathing very heavily. Third, the officer suspected appellant possessed illegal narcotics. Based on these circumstances, we find Officer Floriano had sufficient facts before him to justify a pat-down search of appellant. <u>Cf.</u> <u>James</u>, 22 Va. App. at 745-46, 473 S.E.2d at 92 (finding an officer was justified in conducting a pat-down search for weapons based on a passenger's "jittery" behavior, nervousness, and failure to keep his hands where they could be seen).

The stop and pat-down search of appellant were based on reasonable suspicion. The trial court did not err in denying appellant's motion to suppress.

## B. Motion to Strike the Evidence

Appellant argues the evidence was insufficient to prove he knowingly or intentionally possessed heroin and was insufficient to prove he intended to distribute the drugs. When considering issues of sufficiency, this Court reviews the trial record in the light most favorable to the Commonwealth, the party that prevailed below, and affirms the trial court as long as the evidence so viewed supports the convictions. Snow v. Commonwealth, 33 Va. App. 766, 774, 537 S.E.2d 6, 10 (2000). "In so doing, we must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954))). Additionally, "[t]he credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998).

First, appellant argues he did not knowingly or intentionally possess narcotics. He postulates that he "could have just as well been taking something out of the girl's pocket," as opposed to trying to hide something there. This "hypothesis . . . from the imagination of defense counsel," Goins v. Commonwealth, 251 Va. 442, 467, 470 S.E.2d 114, 130 (1996), is not supported by the evidence as viewed in the light most favorable to the Commonwealth. Appellant did not simply put his hand in someone's pocket. Instead, he attempted to shove his closed fist into someone's pocket immediately after the officer noticed appellant had something in his left hand. Appellant then attempted to conceal his left fist and its contents by putting his

hand into his own pocket. When he removed his hand from that pocket, he had nothing in his hand. In addition, appellant's nervousness and heavy breathing allow the reasonable inference that appellant knew he possessed illegal drugs. See Norman, 2 Va. App. at 520, 346 S.E.2d at 45.

Additionally, appellant argues the evidence was insufficient to prove he intended to distribute the heroin. He notes the police did not find cash, a beeper, or a cell phone on his person. He contends the amount of heroin was insufficient to prove an intention to distribute. We disagree.

The Commonwealth's expert testified that the amount of heroin, the lack of devices to ingest the heroin, and appellant's unemployment made his possession of forty-nine capsules, worth approximately $500, inconsistent with personal use. The trial court was entitled to believe this testimony. Marable, 27 Va. App. at 509, 500 S.E.2d at 235. The quantity of capsules found in appellant's pocket, which the expert testified was itself inconsistent with personal use, is sufficient to support the conviction. See Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) ("Indeed, quantity, alone, may be sufficient to establish such intent [to distribute] if it is greater than the supply ordinarily possessed for one's personal use."). The trial court did not err in denying appellant's motion to strike the evidence.

CONCLUSION

We find the trial court did not err in denying appellant's motions. We affirm the convictions.

Affirmed.