COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia

ALFRED LEE SPIVEY

MEMORANDUM OPINION[*] BY
v.     Record No. 1913-06-1     JUDGE D. ARTHUR KELSEY
                                DECEMBER 27, 2007
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Stacie A. Cass, Assistant Appellate Defender (Office of
the Appellate Defender, on briefs), for appellant.

Karen Misbach, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal, Alfred Lee Spivey challenges the evidentiary sufficiency of his conviction for

possession of heroin in violation of Code § 18.2-250. The evidence at trial proved that a police

officer found Spivey slumped over in the passenger seat of a vehicle with a syringe in one hand

and a heroin capsule in the other. He had blood on the back of his left hand from a puncture

wound. Spivey was unconscious. The officer arrested the intoxicated driver of the vehicle (who

said he did not know Spivey) and called for medics to attend to Spivey. The medics arrived and

revived Spivey. The officer searched the vehicle and found three more syringes under the

driver's seat. Spivey was charged with possessing the heroin capsule in his hand.

A suspect's actual, physical possession of drugs permits the inference that he knowingly

possessed them aware of their illegal nature and character. See Hunley v. Commonwealth, 30

Va. App. 556, 562, 518 S.E.2d 347, 350 (1999); Armstrong v. Commonwealth, 29 Va. App. 102,

114, 510 S.E.2d 247, 252-53 (1999); Hamilton v. Commonwealth, 16 Va. App. 751, 754, 433

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 27, 29 (1993); Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990) (*en banc*). "When the drugs are found in the actual, physical possession of the accused, knowledge of *where* they were and the defendant's assertion of dominion are virtually incontrovertible; such possession is also evidence that the accused *knew* what he possessed." Ronald J. Bacigal, Virginia Practice Series: Criminal Offenses & Defenses 166 (2007-08) (emphasis in original); see also State v. Reid, 566 S.E.2d 186, 192 (N.C. Ct. App. 2002) (stating that the "knowing possession" element can be inferred from "actual possession").

Spivey acknowledges this inference but claims the trial court, sitting as factfinder, should have rejected the inference and adopted the alternative hypothesis that someone (perhaps the drunken driver) put the heroin capsule in Spivey's hand *while* he was unconscious (thus negating any inference of knowing possession). This hypothesis of innocence, however, was never raised in the trial court, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (limiting appellate review only to hypotheses of innocence "advanced by the accused at trial"), relies solely on the "imagination of defense counsel" rather than any specific evidentiary support, Walker v. Commonwealth, 42 Va. App. 782, 793, 595 S.E.2d 30, 35 (2004), and could have been rejected by the factfinder in any event, Haskins v. Commonwealth, 44 Va. App. 1, 8-10, 602 S.E.2d 402, 405-06 (2004) (characterizing the reasonableness of the hypothesis of innocence as a question of fact subject to deferential appellate review).[1]

We affirm Spivey's conviction for possession of heroin in violation of Code § 18.2-250.

Affirmed.

---

[1] "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the contraband where the contraband is discovered." Kromer v. Commonwealth, 45 Va. App. 812, 819, 613 S.E.2d 871, 875 (2005) (citation and brackets omitted); see also Kelly v. Commonwealth, 41 Va. App. 250, 260-61, 584 S.E.2d 444, 449 (2003) (*en banc*).