COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Elder and Kelsey
Argued at Chesapeake, Virginia

SCOTTIE SMITH, S/K/A
  SCOTTIE JOVAWN SMITH

                                                    MEMORANDUM OPINION[*] BY
v.  Record No. 0337-07-1                        JUDGE D. ARTHUR KELSEY
                                                          APRIL 8, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                          Rodham T. Delk, Jr., Judge

            L. Wayne Farmer (Saunders Barlow Riddick Babineau, PC,
            on brief), for appellant.

            Josephine F. Whalen, Assistant Attorney General II (Robert
            F. McDonnell, Attorney General, on brief), for appellee.


        Convicted of possession of cocaine, Scottie Jovawn Smith challenges on appeal the

sufficiency of the evidence against him.  Finding the evidence sufficient, we affirm Smith's

conviction.

                                                I.

        Under settled principles, we review the evidence in the "light most favorable" to the

Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

That principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270

S.E.2d 755, 759 (1980) (emphasis and citation omitted).

        So viewed, the evidence established that Officer Adam Brown stopped a vehicle

suspecting it was improperly registered.  The license plate was attached with "zip ties," and the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

license plate number was registered to a different vehicle. The driver, Smith, was alone in the vehicle. When the officer walked up to the driver's side window, Smith appeared very nervous and was sweating as the officer spoke to him. Smith's demeanor worried the officer enough to immediately call for assistance from other police officers in the area. Backup arrived as Officer Brown ran Smith's license and registration through the computer. Smith waited outside his vehicle.

Officer Brown and Sergeant Ronald Kline returned to the driver's side window of the vehicle. The window was rolled up about two inches. Wedged between the door and the black weather stripping — plainly visible to both officers standing outside the vehicle — was a corner of a plastic baggie containing a white substance that both officers believed to be crack cocaine. The baggie of suspected cocaine was less than a foot from where Smith had been seated in the driver's seat. Officer Brown removed the bag without effort. "The majority of the bag," he testified, was outside the pinched area between the weather stripping and the glass. "[I]t was not tucked down in there hardly at all," Officer Brown explained.

The officers arrested Smith for possession of cocaine. Forensic testing demonstrated that the white substance in the baggie was in fact crack cocaine. At his bench trial, Smith's girlfriend took the stand in his defense. She claimed to have purchased the vehicle from an unidentified friend about two weeks before Smith's arrest. On the day of his arrest, the vehicle was parked in Smith's yard. Smith "had the car" while she was at work, she stated.

Sitting as factfinder, the trial court found the evidence sufficient and convicted Smith of possession of cocaine in violation of Code § 18.2-250. Smith appeals to us claiming the trial court erred as a matter of law in finding the evidence sufficient and in failing to dismiss the charge as factually insupportable.

II.

When addressing the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004) (citation omitted). A reviewing court, however, does not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Bolden v. Commonwealth, 49 Va. App. 285, 292, 640 S.E.2d 526, 530 (2007) (citation omitted), aff'd, 275 Va. 144, 654 S.E.2d 584 (2008).

Instead, the issue on appeal is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Haskins, 44 Va. App. at 7-8, 602 S.E.2d at 405 (emphasis in original)); see also Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Barnes v. Commonwealth, 47 Va. App. 105, 110 n.1, 622 S.E.2d 278, 280 n.1 (2005) (citation omitted). "It also ensures that we remain faithful to 'our duty not to substitute our judgment for that of the trier of fact, even were our opinion to differ.'" Id. (citation omitted).

Under Code § 18.2-248, constructive possession of drugs can be shown by "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the accused was aware of both the presence and character of the substance and that it was subject to his dominion and control." Haskins, 44 Va. App. at 6, 602 S.E.2d at 404 (citations omitted). As has been often said, "in drug cases no less than any other, it 'is axiomatic that any fact that can

be proved by direct evidence may be proved by circumstantial evidence.'" Id. (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

While, standing alone, "mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered" in determining whether the accused constructively possessed drugs. Kelly, 41 Va. App. at 261, 584 S.E.2d at 449 (citation omitted). Likewise, a factfinder may also take into account the open visibility of the drugs as well as the defendant's occupancy of the place where the drugs are found. See Brown v. Commonwealth, 15 Va. App. 1, 9-10, 421 S.E.2d 877, 883 (1992) (*en banc*) (holding that the factfinder could consider that drugs were found "on the dashboard in plain view"); Haskins, 44 Va. App. at 9-10, 602 S.E.2d at 406 (noting that the bag of cocaine "was in plain view").[1] "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Harper v. Commonwealth, 49 Va. App. 517, 521-22, 642 S.E.2d 779, 781 (2007) (citation omitted).

In this case, we have no difficulty confirming the sufficiency of the evidence against Smith. When the officer stopped him, Smith appeared visibly nervous and sweating. See generally Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982) (taking into account, for sufficiency purposes, the defendant's "nervous" response while being questioned in

_____

[1] See also Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982) (finding relevant the defendant's proximity to the drugs along with her "occupancy of the premises"); Eckhart v. Commonwealth, 222 Va. 447, 451, 281 S.E.2d 853, 855 (1981) (taking into account that the drugs were "visible" to the defendant); Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979) (*per curiam*) (finding constructive possession, in part, based upon the "visibility of the drugs"); Copeland v. Commonwealth, 42 Va. App. 424, 440, 592 S.E.2d 391, 398 (2004) (noting that cocaine was "in plain view"); Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (stating that "proximity to the contraband" and "occupancy of the premises" provide probative evidence of constructive possession); Harmon v. Commonwealth, 15 Va. App. 440, 446-47, 425 S.E.2d 77, 81 (1992) (finding relevant that drugs were "partially in plain view").

close proximity to drugs); Kelly, 41 Va. App. at 260-61, 584 S.E.2d at 449 (finding relevant that the defendant "appeared nervous during the encounter with the officer").[2] The baggie, moreover, was only *slightly wedged* between the window and the weather stripping. It took almost no effort for the officer to pull it out. The baggie had been barely tucked into a window less than two inches from being fully open. Smith was the only occupant of the vehicle, which had been purchased about two weeks earlier. Given these facts, we cannot say the trial court plainly erred in finding Smith guilty of possessing this baggie of cocaine.

We acknowledge Smith's rejoinder that someone else could have put the baggie of cocaine there. The factfinder, however, was not obliged to believe that some unidentified person slightly squeezed a baggie of cocaine into a barely open window frame of someone else's vehicle. Nothing in the record suggests as much. And the Commonwealth "is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the contraband where the contraband is discovered." Kromer v. Commonwealth, 45 Va. App. 812, 819, 613 S.E.2d 871, 875 (2005) (citation and brackets omitted); see also Kelly, 41 Va. App. at 260-61, 584 S.E.2d at 449.

To be sure, the testimony of Smith's girlfriend rendered Smith's hypothesis of innocence particularly unpersuasive. She purchased the vehicle a couple weeks earlier. It is fanciful to believe the seller sweetened the deal with a baggie of cocaine so carefully wedged in a barely open widow, or that the baggie would remain in that same window for two weeks, or that Smith (who had exclusive use of the vehicle the entire day of his arrest) never knowingly exercised

---

[2] That Smith had other reasons for nervousness (like driving an improperly registered vehicle while having a suspended license) should be considered by the factfinder. That does not mean, however, the factfinder cannot also view Smith's worrisome demeanor to implicate his guilty conscience for possessing a baggie of cocaine. As we have said in an analogous situation, "while appellant's flight might have been attributable to several causes, 'consciousness of guilt' could be inferred by the trial court if any one of those causes was the instant offense." Ricks v. Commonwealth, 39 Va. App. 330, 337, 573 S.E.2d 266, 269 (2002); see also Leonard v. Commonwealth, 39 Va. App. 134, 149, 571 S.E.2d 306, 314 (2002).

dominion and control over it. Such hypotheses rely more on the "imagination of defense counsel" rather than any specific evidentiary support, <u>Walker v. Commonwealth</u>, 42 Va. App. 782, 793, 595 S.E.2d 30, 35 (2004), and could have been rejected by the factfinder in any event, <u>Haskins</u>, 44 Va. App. at 8-10, 602 S.E.2d at 405-06 (characterizing the reasonableness of the hypothesis of innocence as a question of fact subject to deferential appellate review).

As for Smith's broader thesis that the Commonwealth's case is really nothing more than supposition, we must respectfully disagree. It is true the line between supposition and proof sometimes blurs, but like everything else it depends on where the line is initially drawn. The burden of proof in criminal cases, however, is not irrefutable certitude or the absence of every ephemeral possibility of doubt — it is proof beyond a *reasonable* doubt. "Anything is possible," as Judge Posner has observed, "but a merely metaphysical doubt . . . is not a reasonable doubt for purposes of the criminal law. If it were, no one could be convicted." <u>United States v. Ytem</u>, 255 F.3d 394, 397 (7th Cir. 2001) (citations omitted).

## III.

Because the trial court did not err in finding Smith guilty of possession of cocaine, we affirm his conviction.

<u>Affirmed.</u>