COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, McClanahan and Senior Judge Willis
Argued by teleconference


ERIC D. WARD
                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 2079-08-1                JUDGE ROBERT J. HUMPHREYS
                                                          DECEMBER 29, 2009
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                                Westbrook J. Parker, Judge

            Jean Veness, Assistant Public Defender, for appellant.

            Robert H. Anderson, III, Senior Assistant Attorney General
            (William C. Mims, Attorney General, on brief), for appellee.


        Eric D. Ward ("Ward") appeals his conviction for possession of cocaine with intent to

distribute, in violation of Code § 18.2-248.  On appeal, Ward contends that the trial court erred in

denying his motion to suppress evidence of a crack cocaine cookie block found beneath his seat

and his subsequent confession at the police precinct.  Ward argues that his seizure was invalid

under the Fourth Amendment because the police lacked a reasonable, articulable suspicion to

believe he was engaged in criminal activity, rendering the evidence obtained as a result of that

seizure inadmissible at trial.  For the following reasons, we disagree and affirm.

        Ward argues that, at the time he was asked to place his hands on the dashboard of the

vehicle, the police lacked a reasonable, articulable suspicion to believe he was engaged in

criminal activity.  Thus, Ward contends that this seizure was invalid under the Fourth

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Amendment and that the trial court erred by not suppressing both the cocaine found in the vehicle and Ward's subsequent confession. We disagree.

"When reviewing a trial court's denial of a motion to suppress, 'we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" Thompson v. Commonwealth, 54 Va. App. 1, 5, 675 S.E.2d 832, 834 (2009) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*)). The burden is on the defendant to show that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error. McCain v. Commonwealth, 261 Va. 483, 489-90, 545 S.E.2d 541, 545 (2001) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed *de novo* on appeal." Thompson, 54 Va. App. at 6, 675 S.E.2d at 834 (quoting McGee, 25 Va. App. at 198, 487 S.E.2d at 261). "'Similarly, the question whether a person has been seized in violation of the Fourth Amendment is reviewed *de novo* on appeal.'" Andrews v. Commonwealth, 37 Va. App. 479, 488, 559 S.E.2d 401, 406 (2002) (quoting Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000)).

"The Fourth Amendment prohibits only unreasonable searches and seizures." Thompson, 54 Va. App. at 7, 675 S.E.2d at 834. "The validity of a seizure 'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind at the time the challenged action was taken.'" Welshman v. Commonwealth, 28 Va. App. 20, 30, 502 S.E.2d 122, 127 (1998) (quoting Maryland v. Macon, 472 U.S. 463, 470-71 (1985)). "[P]olice officers may stop a person for the purpose of investigating possible criminal behavior even though no probable cause exists for an arrest."

McCain v. Commonwealth, 275 Va. 546, 552, 659 S.E.2d 512, 516 (2008) (citing Terry v. Ohio, 392 U.S. 1, 22 (1968)).  Such a stop is valid under the Fourth Amendment, provided "the officer has a reasonable, articulable suspicion that criminal activity may be afoot."  Id. (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)).  "'Reasonable suspicion is more than a mere hunch but less than proof of wrongdoing by a preponderance of the evidence.'"  Middlebrooks v. Commonwealth, 52 Va. App. 469, 479, 664 S.E.2d 499, 504 (2008) (quoting Commonwealth v. Thomas, 23 Va. App. 598, 610-11, 478 S.E.2d 715, 721 (1996)).

In determining whether or not reasonable suspicion exists, "'a court must consider the totality of the circumstances,'" id. (quoting Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003)), including "'the 'characteristics of the area' where the stops occurs, the time of the stop, whether late at night or not, *as well as any suspicious conduct of the person accosted*,'" Thomas, 23 Va. App. at 611, 478 S.E.2d at 721 (emphasis added) (quoting Smith v. Commonwealth, 12 Va. App. 1100, 1103, 407 S.E.2d 49, 51-52 (1991)).  Viewing the totality of the circumstances in this case, we hold that Officer Aaron Huddleseon ("Huddleseon") had a reasonable, articulable suspicion to believe that criminal activity was afoot and, therefore, Huddleseon's seizure of Ward was valid.

"'A police officer may stop the driver *or occupants* of an automobile for investigatory purposes if the officer has a reasonable articulable suspicion, based on objective facts, that the individual is involved in criminal activity.'"  Harris v. Commonwealth, 27 Va. App. 554, 562, 500 S.E.2d 257, 261 (1998) (emphasis added) (quoting Jones v. Commonwealth, 24 Va. App. 519, 522, 484 S.E.2d 125, 126 (1997)).  Here, Huddleseon received a report that a vehicle with expired Alabama tags was driving recklessly up and down the 6200 block of Freeman Avenue, a high-crime, high-drug area of the City of Suffolk.  Shortly after receiving the report, Huddleseon observed a vehicle matching the description, parked illegally on the left side of the road.  Ward

was a passenger in the vehicle. Huddleseon also observed two men crouched by the passenger window of the vehicle. Huddleseon testified that, based on his training and experience, this sort of behavior was consistent with "drug transactions, open market drug transactions." The vehicle had four occupants who were dressed in red clothing, indicating their affiliation with the Bloods street gang. None of the occupants, including Ward, had a driver's license, and the vehicle was registered to a woman in Alabama. When Huddleseon asked the men if they had driven the vehicle that evening, they "just started laughing." Viewed objectively, these facts are sufficient to support Huddleseon's detention of the vehicle and its occupants.

Huddleseon further testified that, as he questioned the occupants, all four men repeatedly made furtive movements with their hands, reaching underneath their seats where Huddleseon could not see. In addition, a group of approximately fifteen to twenty people began to gather on the passenger side of the vehicle. As time passed, the group became increasingly hostile towards the officers. Concerned for his safety, Huddleseon ordered the occupants to put their hands where he could see them, instructing the occupants in the back of the vehicle to put their hands on the headrests and the occupants in the front of the vehicle to put their hands on the dashboard. "'Under settled principles, once an officer has lawfully detained an individual, 'he is authorized to take such steps as [are] reasonably necessary to protect [his and others'] personal safety and to maintain the status quo during the course of the stop.'" Welshman, 28 Va. App. at 34, 502 S.E.2d at 128-29 (quoting Servis v. Commonwealth, 6 Va. App. 507, 519, 371 S.E.2d 156, 162 (1988)). Furthermore, "[a]n officer may preserve the status quo by ordering the person detained to place his hands where the officer can see them." Id. Contrary to Ward's contention, Huddleseon's command was valid under the circumstances. Thus, Ward's Fourth Amendment rights were not violated, and the trial court did not err in denying his motion to suppress.

Affirmed.