COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Beales and Powell
Argued at Richmond, Virginia


EDWARD ANTAION BAKER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2654-09-2                      JUDGE RANDOLPH A. BEALES
                                                         NOVEMBER 9, 2010

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Beverly W. Snukals, Judge

            Catherine French, Supervising Assistant Public Defender (Office of
            the Public Defender, on brief), for appellant.

            John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
            II, Attorney General, on brief), for appellee.


        Edward Antaion Baker (appellant) was convicted of possession of heroin with the intent

to distribute, second or subsequent offense, in violation of Code § 18.2-248(C).  On appeal,

appellant contends the trial court erred when it denied his motion to suppress.  For the following

reasons, we affirm.

                                      I.  BACKGROUND

        On the afternoon of February 25, 2009, Officer Bridges conducted surveillance near the

intersection of Mosby Street and Fairmont Avenue, an area known to law enforcement as an

open-air drug market in the City of Richmond.  Officer Bridges noticed appellant walking in the

parking lot of a convenience store and in the parking lot of a restaurant across the street.  During

the forty-five minutes that Officer Bridges observed appellant's actions, appellant spoke with

known drug dealers, made hand gestures to passing cars and pedestrians, and appeared to pull

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

cash out of his right front pocket. In addition, appellant and a man stepped directly behind the restaurant's dumpster for thirty seconds, and appellant also made what appeared to Officer Bridges to be hand-to-hand contact with a woman although he never actually saw their hands make contact.[1] Based on these observations, Officer Bridges suspected that appellant had engaged in drug transactions.

Officer Bridges relayed this information to Officers Vervena and Enow, who observed appellant enter Richmond Redevelopment Housing Authority property. They detained appellant, indicating that he was being investigated for trespassing[2] and that he was not free to leave. Before the officers had completed this investigation, a narcotics canine unit arrived. The drug dog alerted to the presence of drugs on appellant's person, and heroin was recovered from appellant's boxer shorts.

Appellant filed a pretrial motion to suppress the heroin, contending only that the investigatory stop by Officers Vervena and Enow was not supported by a reasonable, articulable suspicion of criminal activity. Officer Bridges, who was accepted as an expert in the street-level distribution of illegal narcotics, testified at the suppression hearing that appellant's actions were consistent with those of a street-level drug dealer. Reviewing the totality of the evidence presented at the suppression hearing, including Officer Bridges's expert testimony, the trial court

---

[1] Officer Bridges testified at the suppression hearing that he observed appellant extend his arm and hand, with his palm faced down, and appellant made "a distinctive arm motion as if dropping an item into somebody's hand." The woman appeared to make a motion with her hand "as if receiving a small item, and then they parted ways, and she walked off." However, the officer acknowledged that his view was partially obstructed by a parked car, so he could only clearly see the arms of appellant and the woman and, therefore, he did not actually see a hand-to-hand transaction between the two. Based on this testimony, the trial court found that the officer's observations established "something a little bit less" than hand-to-hand contact and was "arm to arm [contact] at best."

[2] At the suppression hearing, the prosecutor indicated that "the trespassing issue" was "a nonissue" in this case. The parties agree on appeal that this issue plays no part in the Fourth Amendment analysis.

found that the investigatory detention of appellant was supported by reasonable, articulable suspicion, noting:

> You've got a couple of seconds encounter with a woman, you've got a couple of encounters and it's surreptitious, it's behind a dumpster for a few seconds, coming back, you've got loitering in the parking lot, you've got raised hands, which in and of itself might just be waving to passers-by, but the totality and the circumstances and in an open air drug market, is that not enough?

Therefore, the trial court denied appellant's motion to suppress. Appellant now appeals that ruling.

## II. ANALYSIS

> "In reviewing the denial of a motion to suppress evidence claiming a violation of a person's Fourth Amendment rights, we consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial. The burden is on the defendant to show that the trial court committed reversible error. We are bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence. We will review the trial court's application of the law de novo."

Whitehead v. Commonwealth, 278 Va. 300, 306-07, 683 S.E.2d 299, 301 (2009) (quoting Malbrough v. Commonwealth, 275 Va. 163, 168-69, 655 S.E.2d 1, 3 (2008)).

"A police officer may conduct a brief investigatory stop when the officer, in light of his training and experience, has reasonable, articulable suspicion that criminal activity is afoot." Jones v. Commonwealth, 279 Va. 665, 673, 691 S.E.2d 801, 805 (2010); see Parker v. Commonwealth, 255 Va. 96, 104, 496 S.E.2d 47, 52 (1998) ("'If there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information.'" (quoting Hayes v. Florida, 470 U.S. 811, 816 (1985))). "'[T]here are no bright line rules to follow when determining whether a reasonable and articulable suspicion exists to justify an investigatory stop.'" Middlebrooks v. Commonwealth, 52 Va. App. 469, 479, 664 S.E.2d 499,

- 3 -

503-04 (2008) (quoting Hoye v. Commonwealth, 18 Va. App. 132, 134-35, 442 S.E.2d 404, 406 (1994)). Instead, "[t]he court must consider the totality of the circumstances in determining whether the police officer had a particularized and objective basis for suspecting that the person stopped may be involved in criminal activity." Jones, 279 Va. at 673, 691 S.E.2d at 805.

Appellant argues that he was impermissibly seized without reasonable, articulable suspicion that he was involved in criminal activity.[3] He contends that, because Officer Bridges testified that he never *actually* saw appellant engage in a hand-to-hand transaction, the objective facts presented at the suppression hearing would not lead a reasonable officer to suspect that appellant had engaged in drug transactions. Thus, appellant argues that Officers Vervena and Enow lacked a constitutional basis to detain him, and, therefore, the trial court should have suppressed the heroin that was recovered during the search incident to appellant's arrest.

Appellant relies on this Court's opinion in Roulhac v. Commonwealth, 50 Va. App. 8, 646 S.E.2d 4 (2007), where this Court reversed the trial court's denial of Roulhac's suppression motion even though the police officer in that case observed Roulhac engage in a hand-to-hand transaction. Id. at 12, 646 S.E.2d at 6. However, the analysis in that case concerned whether the totality of the circumstances permitted the officer to *frisk* Roulhac,[4] which required this Court to "determine whether the officer had reasonable grounds to believe [Roulhac] *was armed and*

---

[3] Appellant does not separately contend that any other aspect of the seizure or the recovery of the heroin violated the Fourth Amendment.

[4] In Roulhac, an initially consensual encounter between Roulhac and a police officer did not become a seizure under the Fourth Amendment until the officer grabbed Roulhac's wrist while attempting to perform a frisk for weapons. Roulhac, 50 Va. App. at 16, 646 S.E.2d at 8. Unlike in this case, therefore, the Court in Roulhac was not required to address whether there was reasonable, articulable suspicion to *detain* Roulhac – the officer might or might not have had reasonable suspicion to believe that Roulhac was involved in criminal activity, but such a finding was unnecessary given that the encounter there remained consensual until the point the officer began to frisk Roulhac.

*dangerous*."[5]  Id. at 16, 646 S.E.2d at 8 (emphasis added); see Phillips v. Commonwealth, 17 Va. App. 27, 30, 434 S.E.2d 918, 920 (1993) (holding that an officer "may conduct a limited pat-down search of the suspect's outer clothing to search for weapons if the officer reasonably believes, based on specific and articulable facts, that the suspect might be armed and dangerous").  The legal analysis in Roulhac required more than simply determining whether an *investigatory stop* was supported by reasonable suspicion, which is the only issue here.  Therefore, since it is undisputed that appellant was never frisked for weapons, this Court's holding in Roulhac is certainly not controlling on the very different facts and legal analysis addressed here.

Appellant also cites Lawson v. Commonwealth, 55 Va. App. 549, 687 S.E.2d 94 (2010), and DePriest v. Commonwealth, 4 Va. App. 577, 359 S.E.2d 540 (1987), where hand-to-hand transactions were observed by the police.  However, just because hand-to-hand transactions occurred in those cases does not mean that a hand-to-hand transaction was *required* to satisfy the Fourth Amendment under the particular facts of this case.  This Court did not hold in Lawson and DePriest that an officer has reasonable suspicion of criminal activity only if he observes an object pass between two people – regardless of the additional information available to the officer.  Moreover, contrary to appellant's argument, no controlling precedent requires evidence that appellant was observed either receiving money or counting money, that appellant was seen with a drug "runner," that Officer Bridges had received information about appellant from a confidential informant, or that Bridges had observed appellant's actions for a longer period than forty-five minutes.  The United States Supreme Court has "deliberately avoided reducing" the

---

[5] Likewise, subsequent published opinions from this Court have applied Roulhac only in determining whether there was reasonable suspicion to believe that a suspect was armed and dangerous, thereby permitting a frisk of the suspect for weapons.  See Roberts v. Commonwealth, 55 Va. App. 146, 154-55, 684 S.E.2d 824, 828 (2009); Thompson v. Commonwealth, 54 Va. App. 1, 10, 675 S.E.2d 832, 836 (2009).

reasonable suspicion standard to "'a neat set of legal rules.'" United States v. Arvizu, 534 U.S. 266, 274 (2002) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)).

Here, based on the totality of the circumstances presented at the suppression hearing, the trial court did not err in finding that the police officers had a particularized and objective basis for suspecting that appellant was involved in criminal activity. Jones, 279 Va. at 673, 691 S.E.2d at 805. The trial court found that appellant was loitering in a known open-air drug market and was talking to people whom Officer Bridges, a trained and experienced police officer, knew to be drug dealers. See Kidd v. Commonwealth, 38 Va. App. 433, 443, 565 S.E.2d 337, 342 (2002). Appellant was observed waving at vehicles in this area of high drug activity, which Officer Bridges, an expert in street-level drug transactions, testified was behavior consistent with soliciting potential drug sales. Officer Bridges also observed appellant go behind a dumpster with a man for about thirty seconds and also engage in physical contact with a woman that, according to Bridges, was inconsistent with something innocent like a "fist bump." Moreover, Officer Bridges observed appellant keep "going into his front right pocket and just pulling out what I believed to be currency." This evidence, viewed in its totality, was certainly suggestive of drug activity.

Although the evidence at the suppression hearing did not actually prove that appellant distributed drugs to individuals in the open-air drug market that Officer Bridges had been observing, "'[a]ctual proof that criminal activity is afoot is not necessary'" to meet the standard of reasonable, articulable suspicion. Shiflett v. Commonwealth, 47 Va. App. 141, 146, 622 S.E.2d 758, 760 (2005) (quoting Harmon v. Commonwealth, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992)). As the United States Supreme Court has explained, the reasonable suspicion standard requires only "some minimal level of objective justification" for making the stop in question. I.N.S. v. Delgado, 466 U.S. 210, 217 (1984). Appellant fails to demonstrate now on

appeal that the totality of the evidence here did not meet this standard for reasonable, articulable suspicion.  See Whitehead, 278 Va. at 306-07, 683 S.E.2d at 301.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, we hold that the trial court did not err when it denied appellant's motion to suppress, and we affirm appellant's conviction under Code § 18.2-248(C).

Affirmed.