# COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Beales and Petty
Argued at Chesapeake, Virginia


SHADEEDE ALI MUHAMMAD

                                                 MEMORANDUM OPINION[*] BY
v.        Record No. 1897-09-1                               JUDGE LARRY G. ELDER
                                                  DECEMBER 21, 2010
COMMONWEALTH OF VIRGINIA


### FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Walter J. Ford, Judge[1]

Charles E. Haden for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Shadeede Ali Muhammad (appellant) was convicted by a jury of possession of cocaine in

violation of Code § 18.2-250.  On appeal, he argues the evidence should have been suppressed

because the police did not have probable cause to believe he constructively possessed the cocaine

particles found in the driver's seat of the vehicle in which appellant occupied.  Because the small

amount of cocaine could not be readily attributable to appellant, the police lacked probable cause to

suspect appellant was in possession of illegal contraband.  Accordingly, we hold the incriminating

evidence was seized in violation of appellant's Fourth Amendment rights, reverse the trial court's

ruling, and remand to the trial court for further proceedings consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Wilford Taylor, Jr., presided over the hearing on the motion to suppress.

I.

Appellant argues the search of his pants pocket violated his rights under the Fourth Amendment. "What the Fourth Amendment prohibits 'is not all searches and seizures, but *unreasonable* searches and seizures.'" Buhrman v. Commonwealth, 275 Va. 501, 505, 659 S.E.2d 325, 327 (2008) (quoting Terry v. Ohio, 392 U.S. 1, 9, 88 S. Ct. 1868, 1873, 20 L. Ed. 2d 889, 899 (1968)) (emphasis in original). Whether the Fourth Amendment has been violated is a question to be determined from all the circumstances and is viewed under an objective standard. See Samson v. California, 547 U.S. 843, 848, 126 S. Ct. 2193, 2197, 165 L. Ed. 2d 250, 256 (2006); Terry, 392 U.S. at 21-22, 88 S. Ct. at 1880, 20 L. Ed. 2d at 906.

A defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review *de novo* on appeal. See McCain v. Commonwealth, 275 Va. 546, 551, 659 S.E.2d 512, 515 (2008); Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002). We give deference to the factual findings of the trial court, but we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment. Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000). "The defendant has the burden to show that, considering the evidence in the light most favorable to the Commonwealth, the trial court's denial of his suppression motion was reversible error." McCain, 275 Va. at 552, 659 S.E.2d at 512.

Here, during the course of a lawful vehicular stop, Lee complied with the request of Officers David Elliott and Jacob Marmet to exit the vehicle and inspect a defective license tag light. As Lee leaned over to look at the license plate, a glass pipe that appeared to be a crack cocaine smoking device fell from his pocket. Lee attempted to step on the ingestion device and kick it away. After a brief struggle, Elliott handcuffed Lee and handed him off to a backup unit that had arrived. Appellant remained inside the vehicle during this struggle.

After Lee was secured, Elliott returned to the vehicle where appellant was sitting in the front passenger seat. The officers observed a white powdery substance on the driver's seat, and a field test confirmed that the substance was cocaine. Elliott believed appellant was also in possession of the illegal narcotics and asked appellant to exit the vehicle. Marmet conducted a search of appellant's person. As a result of that search, the officers discovered six bags of cocaine in appellant's pants pocket and $1,000 cash on his person. Elliott arrested appellant.

At the first suppression hearing, appellant argued that the officers lacked probable cause to believe appellant had drugs in his possession because the incriminating evidence implicated only Lee. The trial court disagreed, finding that "the officers had [a] reasonable basis to suspect [appellant of] criminal activity."[2] On appeal, appellant contends the officers did not have a legitimate basis to search his person because the incriminating evidence implicated Lee and not appellant. Appellant argues no evidence, aside from his mere proximity to the cocaine particles, supported the inference that he constructively possessed the contraband.[3] In opposition, the

---

[2] Upon appellant's motion, the trial court heard additional argument to determine whether the cocaine particles' "close proximity to [appellant] is enough to articulate suspicion of criminal activity." The trial court concluded that while mere proximity to the contraband did not amount to probable cause, the officers needed only an articulable suspicion of criminal activity to perform a Terry search. At oral argument, however, the parties agreed that Officer Marmet conducted a full search of appellant's person and not a pat-down search. A review of the record confirms that Marmet's search exceeded the scope of a "brief minimally intrusive" pat-down search and amounted to a "highly intrusive . . . search." Wechsler v. Commonwealth, 20 Va. App. 162, 169, 455 S.E.2d 744, 747 (1995). Because a full search requires the heightened standard of probable cause, see id., we do not reach the merits of the trial court's alternate ground of reasonable suspicion.

[3] Relying on Arizona v. Gant, __ U.S. __, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), appellant argues the officers did not have authority to extend the search of the vehicle to appellant's person because Lee was secured in the police vehicle and could not have accessed his car at the time of the search. Gant is inapplicable in this case because that rationale applies only to the reasonableness of a vehicular search. Id. at __, 129 S. Ct. at 1721, 173 L. Ed. 2d at 498 (permitting "an officer to conduct a *vehicle search* when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest" (emphasis added)). That decision does not guide this Court in determining whether the fruits of that search supply the officers with probable cause implicating the accused.

Commonwealth contends the officers had probable cause to believe appellant had in his possession the cocaine residue on the driver's seat because the contraband was located in plain view and within appellant's immediate control.

When an officer has probable cause to believe the accused has committed a crime, the officer has the authority both to arrest the individual and search him incident to that arrest. See United States v. Robinson, 414 U.S. 218, 224, 94 S. Ct. 467, 471, 38 L. Ed. 2d 427, 434 (1973) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the *Fourth Amendment*."); Copeland v. Commonwealth, 42 Va. App. 424, 433, 592 S.E.2d 391, 395 (2004). "Probable cause relies on a 'flexible common-sense standard'" and "does not 'demand any showing that such a belief be correct or more likely true than false.'" Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (quoting Texas v. Brown, 460 U.S. 730, 742, 103 S. Ct. 1535, 1543, 75 L. Ed. 2d 502, 514 (1983)). There need be only "a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 245 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527, 552 n.13 (1983); see Adams v. Williams, 407 U.S. 143, 149, 92 S. Ct. 1921, 1924, 32 L. Ed. 2d 612, 618 (1972) ("Probable cause does not require the same type of evidence of each element of the offense as would be needed to support a conviction.").

The issue we must decide is whether appellant's proximity to the cocaine particles supplied the requisite level of probable cause to believe appellant constructively possessed the contraband and therefore justified the search incident to arrest. "'[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person.'" Maryland v. Pringle, 540 U.S. 366, 372-73, 124 S. Ct. 795, 801, 157 L. Ed. 2d 769, 776 (2003) (quoting Ybarra v. Illinois, 444 U.S. 85, 91, 100 S. Ct. 338, 342, 62 L. Ed. 2d 238, 245 (1979)); cf. El-Amin v. Commonwealth, 269 Va. 15, 21, 607

S.E.2d 115, 118 (2005) (declining to adopt a *per se* rule that "approve[d] the search of the companion of a person validly detained based solely on the status of companion"). However, "evidence showing a common enterprise can provide the necessary link between criminal activity and an individual so as to establish probable cause sufficiently particularized to that individual." Whitehead v. Commonwealth, 278 Va. 300, 313, 683 S.E.2d 299, 305 (2009). "[A] car passenger . . . will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing." Wyoming v. Houghton, 526 U.S. 295, 304-05, 119 S. Ct. 1297, 1303, 143 L. Ed. 2d 408, 418 (1999). We hold no such link exists in this case connecting appellant to Lee's criminal activity.

In Pringle, the United States Supreme Court held "that the officer had probable cause to believe that [the defendant] had committed the crime of possession of a controlled substance[,]" because "it was reasonable for the officer to infer a common enterprise among the three [occupants of the vehicle]." 540 U.S. at 373-74, 124 S. Ct. at 801-02, 157 L. Ed. 2d at 777. In that case, the police officer stopped a vehicle for speeding. The officer noticed a large amount of rolled up cash in the glove compartment, and a consensual search of the vehicle revealed five plastic baggies containing cocaine. None of the three occupants—including the defendant— offered information regarding the ownership of the drugs or money. Id. at 368-69, 124 S. Ct. at 798, 157 L. Ed. 2d at 774. The Court held that the "relatively small automobile" combined with the "quantity of drugs and cash . . . indicated the likelihood of drug dealing, an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." Id. at 373, 124 S. Ct. at 801, 157 L. Ed. 2d at 776-77.

The circumstances in this case do not justify the recovery of the bags of cocaine based on a search incident to a lawful arrest because the Commonwealth presented no evidence that appellant and Lee were engaged in a common criminal enterprise. Unlike the five bags of

cocaine in Pringle, the amount of cocaine within appellant's reach was miniscule. Indeed, Elliott testified he had difficulty obtaining a sufficient amount of the substance to conduct a field test, leading to the logical inference that some individual possessed the drugs solely for ingestion and not distribution. Moreover, the drugs were readily attributable to Lee, whom the officers knew had in his possession an ingestion device for smoking crack cocaine. Conversely, the officers had no information leading them to believe appellant had such device in his possession. Finally, appellant did not aid or countenance Lee's attempt to conceal his criminal activities. We cannot say from this evidence that appellant joined in Lee's nefarious venture to possess drugs.[4] Cf. Thompson v. Commonwealth, 54 Va. App. 1, 9, 675 S.E.2d 832, 836 (2009) ("When there are no other relevant facts to suggest a person is involved in the distribution of drugs, such as a hand-to-hand transaction, contact with others, or maintenance of a 'stash,' we are compelled to conclude that the record does not support a reasonable basis for a weapons pat down."). Compare Pringle, 540 U.S. at 373, 124 S. Ct. at 801, 157 L. Ed. 2d at 777 (concluding the totality of the evidence—"[t]he quantity of drugs and cash in the car"—reasonably supported the inference that the defendant and his compatriots were engaged in drug dealing), and Williams v. Commonwealth, 4 Va. App. 53, 59, 67, 354 S.E.2d 79, 82, 87 (1987) (noting that although the officer "had no information that [the defendant] was armed or that he had a past history of

---

[4] The dissent believes Pringle should compel the affirmance of appellant's conviction. We respectfully disagree because the facts in Pringle involved drug dealing, not simple possession. This distinction is critical because the Supreme Court took pains to mention that drug dealing is "an enterprise to which a drug dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." 540 U.S. at 373, 124 S. Ct. at 801, 157 L. Ed. 2d at 777. Our Supreme Court, in Whitehead, concluded this presumption does not automatically apply where the suspected criminal activity involves mere possession. Although the dissent correctly acknowledges that possession may be joint, there must nevertheless be some "evidence, other than [the accused's] status as a passenger in the vehicle, indicating that [the accused] and the other passengers were involved in [a] common enterprise involving criminal activity." Whitehead, 278 Va. at 314, 683 S.E.2d at 305. No such evidence exists here, and the dissent's reliance on Pringle is thus misplaced.

violence," "information from two confidential sources [indicated] that Williams and [his compatriot] were distributing cocaine"), with Whitehead, 278 Va. at 314-15, 683 S.E.2d at 306 (distinguishing that case from Pringle where "the positive [K-9 unit] alert and the fruitless searches [of the other occupants] were not sufficient to establish probable cause particularized as to [the defendant] that he was concealing contraband on his person").

Moreover, appellant made no statements indicating that he had possession of the drugs or knew of the contraband's presence. The officers did not observe appellant make any furtive gestures or actions demonstrating dominion and control over the drugs. Because it appeared to Marmet that Lee had been sitting on the cocaine particles immediately prior to the vehicular stop, the drugs would have been hidden from appellant's view. Although a fact finder is entitled to disbelieve appellant's explanation that he was merely receiving a ride from Lee to the bus station, rejection of that testimony does not provide substantive evidence that they were engaged in some criminal enterprise involving the possession of drugs. See Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001). Thus, the "information within the officers' knowledge provided them, at most, with reasonable suspicion to attempt to further investigate appellant's" possible involvement with Lee's possession of drugs. Al-Karrien v. Commonwealth, 38 Va. App. 35, 48, 561 S.E.2d 747, 753-54 (2002); see Berkemer v. McCarty, 468 U.S. 420, 439-40, 104 S. Ct. 3138, 3150, 82 L. Ed. 2d 317, 334 (1984) (noting that Terry permits "the officer [to] ask the detainee a moderate number of questions . . . to obtain information confirming or dispelling the officer's suspicions" and that "unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released" (footnote omitted)). Reasonable suspicion is an insufficient basis upon which to justify a search incident to an arrest, and the discovery of the cocaine on appellant's person was therefore the result of an unlawful search violative of the Fourth Amendment.

II.

Appellant's mere proximity to the cocaine particles was insufficient to support a finding that he was engaged in a criminal enterprise with Lee. Thus, the necessary link between appellant and Lee's probable criminal activities to establish probable cause was missing. Without probable cause, the officers could not conduct a search. For these reasons, we reverse the conviction and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>

Beales, J., dissenting.

After considerable thought, I find that I must respectfully dissent from the opinion reversing appellant's conviction here.

The question presented by this appeal is whether the officers had probable cause to believe that appellant was in possession of cocaine observed on the driver's seat of the car in which appellant was a front seat passenger and, therefore, could properly conduct a search of appellant pursuant to his arrest. See United States v. Robinson, 414 U.S. 218, 224, 94 S. Ct. 467, 471, 38 L. Ed. 2d 427, 434 (1973). While a conviction is appropriate only where the evidence proves guilt beyond a reasonable doubt, "[p]robable cause does not require the same type of evidence of each element of the offense as would be needed to support a conviction." Adams v. Williams, 407 U.S. 143, 149, 92 S. Ct. 1921, 1924, 32 L. Ed. 2d 612, 618 (1972).

I find Maryland v. Pringle, 540 U.S. 366, 372-73, 124 S. Ct. 795, 801, 157 L. Ed. 2d 769, 776 (2003), to be controlling here. In that case, after observing a large amount of cash in the glove compartment, the police found five bags of cocaine behind the armrest in the back seat of the car in which Pringle was the front seat passenger. Id. at 368, 124 S. Ct. at 798, 157 L. Ed. 2d at 773. None of the three men in the car admitted ownership of the cocaine. Id. at 368-69, 124 S. Ct. at 798, 157 L. Ed. 2d at 774. The United States Supreme Court found, based on these facts, that the police had probable cause to arrest Pringle. Id. at 374, 124 S. Ct. at 802, 157 L. Ed. 2d at 777.

The facts here are in some ways more compelling than the facts presented in Pringle. Here, the cocaine was found on the driver's seat, within easy reach of appellant, whereas Pringle would have needed to reach across the back seat and move the armrest to reach the cocaine. Here, the cocaine was in plain view, whereas the cocaine in Pringle was not. Although the amount of drugs discovered behind the back seat armrest in Pringle was significantly more than

the amount found by the officers here on the front seat of the car, that fact in Pringle was important because the drugs were not in plain view and were not within Pringle's reach – whereas here the cocaine was in plain view and within appellant's reach. In addition, the officers here knew that the substance was cocaine because they did a "field test" of the substance before asking appellant to step out of the car.

As the majority opinion points out, the officers could have attributed ownership of the drugs on the seat to the driver of the car. However, nothing in our case law required the officers to reach the conclusion that the driver – and only the driver – was in possession of that cocaine. For example, when the Supreme Court of Virginia recently considered Pringle in Whitehead v. Commonwealth, 278 Va. 300, 310-11, 314, 683 S.E.2d 299, 303-04, 305 (2009), the Supreme Court did not conclude that the officers did not have probable cause to search Whitehead because he was not the driver of the car. Instead, the Court in Whitehead noted that the police did not have a *particularized* suspicion that Whitehead had cocaine in his possession because they knew only that the drug dog had alerted on the vehicle and that no drugs were found in the car or on the other three people in the car. Id. at 314, 683 S.E.2d at 305-06. The Court explained in Whitehead that no evidence of a common enterprise existed, as in Pringle, and that "[t]here also was no evidence indicating Whitehead individually was committing, had committed, or was about to commit a criminal offense." Id. at 314, 683 S.E.2d at 305. The Court also explained that, while a strong suspicion existed, the information available to the police did not "establish probable cause particularized as to Whitehead that he was concealing contraband on his person" given the drug dog could have alerted on an "'old odor'" in the car. Id. at 315, 683 S.E.2d at 306.

I believe that the decision of the United States Supreme Court in Pringle allows officers to reasonably infer that a front seat passenger is in possession (or joint possession) of cocaine

that is found on the driver's front seat of a car when the drug is immediately visible to the officers when they approached the car after removing the driver and is within a foot of the passenger as he sits in the car. The discussion in <u>Whitehead</u> of particularized probable cause is not actually an issue here, given appellant could clearly see the drug on the seat beside him, he was within a foot of the drug, and at that point appellant was the only person in the vehicle. 278 Va. at 314, 683 S.E.2d at 305 (noting that the Court could have found that probable cause existed if there were evidence that a suspect "individually was committing, had committed, or was about to commit a criminal offense"). Given these facts, the Commonwealth did not also need to prove that appellant was part of a "common enterprise" in order for the trial court to find that the officers had probable cause to arrest appellant and search him incident to that arrest. <u>See</u> <u>id.</u>

Because I would find that appellant's Fourth Amendment rights were not violated, I would affirm his conviction for possession of the cocaine that was recovered from his pants pocket during a search incident to his arrest. The officers had probable cause for that arrest because they had sufficient information to believe that appellant was in possession of the cocaine on the driver's seat of the car. Therefore, I respectfully dissent.