COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Causey and Frucci

UNPUBLISHED

ROBERT CHARLES COPLEY, JR.

v.      Record No. 1237-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 21, 2025

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Ivan D. Fehrenbach; Dansby & Fehrenbach, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.


Following a conditional guilty plea, Robert Charles Copley, Jr., was convicted of possession

of a Schedule I or II controlled substance. On appeal, Copley challenges the circuit court's denial of

his motion to suppress evidence obtained during a warrantless search of his vehicle. For the

following reasons, we affirm the circuit court's judgment.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a).

BACKGROUND[2]

On January 23, 2023, James City County Police Detective Rochard received a phone call from a known "reliable source." Detective Rochard previously had received reliable information from this informant. The informant was not working off any criminal charges. In 2008, the informant provided information to Detective Rochard which eventually led to federal drug charges and a conviction. Since that time, Detective Rochard "periodically" worked with the informant and had passed on information he received from the informant to investigators in other jurisdictions, and he found the information given to always be "credible."

The informant advised Detective Rochard that Copley would be driving a small blue pickup truck in James City County. The informant stated that Copley, who had warrants out for his arrest from Hanover and Henrico Counties, would pick up Paul Dunn at Dunn's residence and drive him to the courthouse. The informant believed that Copley "potentially" possessed a quantity of methamphetamine or another narcotic. Detective Rochard was aware that the informant knew both Copley and Dunn. The detective also was aware that Copley was a known user and manufacturer of methamphetamine. Detective Rochard verified the existence of the warrants, and then police set up surveillance at Dunn's house.

Around 1:00 p.m., the police saw Copley driving a small blue truck near Dunn's James City County residence. Copley stopped at Dunn's house for less than five minutes and then drove off with Dunn. The police initiated a traffic stop and, based on the outstanding warrants, arrested Copley. After, York County Police Sergeant Schultz ran his police dog around Copley's truck. The

_____

[2] On appeal from the denial of a motion to suppress evidence, we recite and "review[] the evidence in the light most favorable to the Commonwealth, as the prevailing party below." *Bagley v. Commonwealth*, 73 Va. App. 1, 8 n.1 (2021). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

dog alerted to the presence of narcotics. The dog alerted within six or seven minutes of Copley's arrest. The police then searched Copley's truck. In the driver's door pocket, Detective Rochard found an open cigarette box containing a crystalline substance which he suspected was methamphetamine.[3]

In argument on his motion to suppress the evidence obtained from the search of the vehicle, Copley asserted that the "automobile exception" to the warrant requirement was inapplicable because the recovered evidence was unrelated to his outstanding warrants. He also argued that the drug dog alert did not provide probable cause to search the truck because the basis for the stop concluded upon his arrest on the warrants, before the dog's alert. Finally, he contended that the informant was not reliable and the information the informant provided, therefore, could not form the basis of a finding of probable cause to search the truck.

The circuit court found that the Commonwealth demonstrated the reliability of the informant and held the informant provided a sufficient basis of knowledge to support a probable cause finding. Alternatively, the circuit court found that the result of the drug dog alert also supported the search of the pickup truck. The circuit court denied Copley's motion to suppress. Following, Copley entered a conditional plea of guilty to possession of a Schedule I or II controlled substance that preserved his right to appeal the denial of the motion to suppress. This appeal follows.

ANALYSIS

"The law regarding appellate review of a trial court's decision on a motion to suppress is well settled. The appellant bears the burden of establishing that reversible error occurred." *Williams v. Commonwealth*, 71 Va. App. 462, 474 (2020). "[A]n appellate court must give deference to the factual findings of the circuit court and give due weight to the inferences drawn from those factual findings; however, the appellate court must determine independently whether

---

[3] Later testing confirmed that the substance was methamphetamine.

the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." *Moore v. Commonwealth*, 69 Va. App. 30, 36 (2018) (alteration in original) (quoting *Commonwealth v. Robertson*, 275 Va. 559, 563 (2008)). "On appeal, a 'defendant's claim that evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review de novo.'" *Cole v. Commonwealth*, 294 Va. 342, 354 (2017) (quoting *Cost v. Commonwealth*, 275 Va. 246, 250 (2008)).

"The Commonwealth carries the burden of showing that a warrantless search and seizure was constitutionally permissible." *Jackson v. Commonwealth*, 267 Va. 666, 673 (2004). "However, a defendant must show, when viewing the evidence in the light most favorable to the Commonwealth, that the denial of the motion to suppress evidence was reversible error." *Id.*

Copley does not contest his initial stop or his arrest; instead, he argues that the police lacked probable cause to search his car following his arrest. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment prohibits only unreasonable searches and seizures." *Thompson v. Commonwealth*, 54 Va. App. 1, 7 (2009). "Reasonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." *Id.* (quoting *Scott v. Commonwealth*, 20 Va. App. 725, 727 (1995)).

"In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act . . . ." *Boyd v. Commonwealth*, 12 Va. App. 179, 186-87 (1991) (alterations in original) (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). "An informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of his report . . . [but] should [not] be understood as entirely separate and

independent requirements to be rigidly exacted in every case . . . ." *Id.* at 187 (alterations in original) (quoting *Gates*, 462 U.S. at 230). "Rather . . . they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id.* (alteration in original) (quoting *Gates*, 462 U.S. at 230).

"When, as here, an informant has a record of furnishing reliable reports, an officer is justified in crediting a new report without engaging in a statistical balancing act." *Wright v. Commonwealth*, 222 Va. 188, 191 (1981). "An important element in establishing the reliability of an [informant's report] is the predictive nature of the information. The information provided by the informant must describe not just easily obtained facts, but future third party actions not easily predicted." *Hardy v. Commonwealth*, 11 Va. App. 433, 435 (1990). "[I]f the information supplied is sufficiently detailed, it may support an inference that it was . . . reliably acquired . . . ." *Wright*, 222 Va. at 192.

Here, the informant's reliability was established with police before the search and seizure at issue. The informant's report was predictive and verified by police in every material detail, including the description of the vehicle, the identity of its occupants, and the time and place of the alleged drug activity, thereby "reduc[ing] the chances [that the information was] a reckless or prevaricating tale." *Boyd*, 12 Va. App. at 189 (second alteration in original). The informant previously had provided information leading to an arrest and conviction and Detective Rochard was confident enough in the reliability of the tipster's information to share it with police from other jurisdictions, as he did here. Detective Rochard knew that the informant knew both Copley and Dunn. Even though Copley did not drive to the courthouse, the informant accurately predicted Copley's whereabouts and actions. Such circumstances, together with Detective Rochard's prior knowledge of Copley's involvement in narcotics and the known reliability of the informant,

- 5 -

sufficiently supported probable cause for the warrantless search.  Accordingly, we find no error with the circuit court's denial of Copley's motion to suppress the drugs found in his truck.[4]

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

<em>Affirmed.</em>

---

[4] Because we find the informant's tip provided sufficient probable cause supporting the search of Copley's vehicle, we need not decide if the drug dog's alert provided a separate basis for probable cause to search the truck.  *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (stating that "the doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).